*48
 
 Peaesow, 0. J.
 

 The declaration is against the defendant as a
 
 common
 
 cm'ricr, for the loss of the turpentine. We concur in the opinion that the proof does not make out the case. The liability of a rail road company, as a common carrier, does not begin until the article is received by its agent, and is put into its custody for the purpose of being carried on the road. ‘ If the article is put on the platform at the company’s depot, with the knowledge of the agent, that amounts to an acceptance, and it is not necessary that it should be entered on the way bill or freight bill, or any written memorandum made, in order to make the company liable for it to the same extent as after it is actually put on a freight train ; for its duty, as a common carrier, begins whenever the article is received for the purpose of being carried, and the owner relinquishes his control over it; after that, it makes no difference in respect to the liability of the company, whether the article is sent off immediately, or is, for the convenience of the company, kept over and either permitted to remain on the platform, or is put into the warehouse. ■ If, however, the article is kept over for the convenience of the owner, as if he should request that it might be put into the warehouse and not be sent until further instructions, then, as we apprehend, the company would not be liable, as a common carrier, but only as a depository, inasmuch as the article was not received for carriage, until such further-instructions should be given. So, if the article reaches the place of destination, and is put on the platform of the depot, we apprehend the liability of the company, as a common carrier, is then at an end. The owner, or his consignee, should be there to receive it, and, in his absence, it is put in the warehouse as a deposit. Whether it is the duty of the company to give the owner or consignee notice of its arrival, is a question into which we will notenter; indeed, we were not at liberty to give a decided opinion upon the questions to which we have had reference, and their suggestion was merely for the sidee of illustration. In our case, the turpentine was not carried to a depot, but was put at a place on the road side, at which articles were sometimes taken in, but the company had no
 
 *49
 
 house there, and no agent there: and the idea that the'turpentine was received and taken into its charge, so as to make the company liable as a common carrier, while it lay there on the ground, by the force and effect of the indefinite promises of the conductors to stop at some time or other, and take it in, is out of the question.
 

 Upon a consideration of the intention and acts of the parties and the nature of the subject, this Court is of opinion that all those “road-side deposits,” made to save the trouble of hauling to a regular depot, are at the risk of the owners until they are put on a freight car, and in that manner received by an agent of the company.
 

 If (he plaintiff had declared for a breach of contract in not receiving the turpentine on a particular day, or within a reasonable time, it is settled that he could not have recovered its value;
 
 Ashe
 
 v.
 
 DeRossett,
 
 5 Jones’ Rep. 299. Whether he could have maintained the action so as to entitle himself to nominal damages, upon, the evidence offered, it is not necessary for us to enquire, because, in this Court, he has made his election to assume that the turpentine was received, so as to make the defendant liable as a common carrier, and reference is made to the other mode in which he might have declared, because the case seems to have been made up with that view. The plaintiff had a right to his election, and exercised it purposely to raise the question as to the defendant’s liability for the value of the turpentine.
 

 Per CueiaM, There is no error. Judgment affirmed.