WILLIAM WAUGH v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

Decided October 31, 1910.

**1.—Carrier—Discrimination—Failure to Furnish Cars—Pleading.**

In an action against a railroad company for damages for failure to comply with an alleged contract to furnish cars for the shipment of logs, and for alleged discrimination against plaintiff in the matter of furnishing cars, pleading considered and held to state a cause of action.

**2.—Same—Damages, Notice of.**

A railroad company would be liable to a shipper for additional expenses caused him by a wrongful or negligent delay in furnishing cars when the company had notice of the facts which rendered it necessary for the shipper to incur the expenses.

**3.—Same—Discrimination—Damages.**

If one class of shippers is given any advantage over another in the transportation of freight by a carrier, such carrier will be liable to the shipper so discriminated against for the damages thereby sustained by him. And the fact that the shipper does not seek to recover the statutory penalty for such discrimination would not prevent his recovery of the damages.

**4.—Same—Exemplary Damages—Pleading.**

In an action against a railroad company for exemplary damages for failure and refusal to furnish cars for the transportation of freight, and for discrimination against plaintiff in the matter of furnishing cars, allegations considered and held sufficient to support a recovery for such damages.

**5.—Same—Notice to Furnish Cars, Sufficiency.**

When the purpose of a notice to a railroad company to furnish cars is not to lay a predicate for the recovery of the statutory penalties, but simply to give notice to the carrier of the damages resulting from its delay in furnishing the cars, the fact that the notice is not in compliance with the statute concerning the recovery of penalties, is immaterial.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*F. Campbell* and *F. M. Stevens,* for appellant.

*Terry, Cavin & Mills* and *F. J. & R. C. Duff,* for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellant against the appellee to recover damages for the failure of appellee to comply with an alleged contract to furnish cars for the shipment of logs by appellant, and for alleged discrimination by appellee against the appellant in the matter of furnishing cars for the shipment of said logs.

The amended petition, to which demurrers were sustained in the court below, contains the following allegations:

"Plaintiff would further show to the court that on January 24, 1907, he began shipments, under the firm name of Smith & Waugh, of ash logs under and by virtue of a contract with C. R. Cummings Export Company, and did then and there fully advise the defendant company of all the demands and conditions of said contract, and the necessity for transportation from the point, towit, the station of Lamb on defendant's line of railway in Liberty County, Texas, to be conveyed to Houston and Galveston, Texas; and defendant company promised and assured plaintiff that it would furnish to plaintiff sufficient cars for the speedy transportation of said ash logs as in law it was bound and obligated to do.

"That upon the promises and assurance of defendant to furnish cars for the speedy transportation, which said promises and assurance was no more than defendant was in law bound to do, plaintiff entered into said contract to deliver said logs on cars at said. Lamb Station, and did fully equip himself with teams, wagons, carts, saws and labor to carry out and comply with said contract to deliver said logs on board cars, as hereinbefore said, at the rate of three cars per day. And that, towit, on the 31st day of January, 1907, defendant, with a total disregard of the

plaintiff's rights, meaning and intending to do plaintiff great damage, and with a total disregard of the penal laws of the State of Texas, did through its superintendent at Beaumont, make and issue an order in substance as follows:

" 'Office of Superintendent,
" 'Beaumont, Texas, January 31, 1907.

" 'To All Agents: The following is a list of system flat cars, which is desired to be placed in the piling service at Somerville with as little delay as possible. These cars are all equipped with boards for this service, or at least were sometime ago, and such of those as are not already equipped arrangements will be made to have the necessary boards applied. Agents are especially instructed not to use these cars for any other purpose, only for loading piling for Somerville, and if any show up at your station bill them to piling spurs to load for Somerville.' " (Here follows a list by number of the cars included in said order.)

". . . That by said order plaintiff was greatly wronged and injured; that by said order 117 cars were taken from the general service and specially set apart and contributed to parties engaged in the shipping of piling, which is in direct violation of the penal laws of the State of Texas enacted by its Twenty-sixth Legislature in 1899 and before the commission of the unlawful discrimination herein complained of.

"Plaintiff here now charges the defendant with possession of the original order and hereby serves notice to produce the same upon the trial of this cause and upon its failure so to do, secondary evidence of its contents will be offered by the plaintiff.

"Plaintiff says that his entire shipment of logs consisted of about 61 cars, which he could with ease have shipped out in 30 working days, and out of which he could and would have made good money for his services and on his investment for his teams, etc. But he says that on account of the unlawful discrimination on the part of defendant company he has been compelled to sustain a loss of a great amount of money.

"Plaintiff says that he was furnished the first car for his shipment on January 24, 1907, on car G., C. & S. F. 92400, and because of the discrimination herein complained of he could only secure the following cars on the dates, towit: February 2nd, Cane Belt car No. 592; February 5th, H. & T. C. No. 2776; February 8th, S. P. car No. 58706; March 11th, A. T. & S. F. No. 90473; March 11th, G., C. & S. F. No. 7644; only two of which appears by their initials to be the property of the defendant company, which 117 cars in one lot are set apart to piling shippers. And so it was that about the 11th day of March, 1907, when, under the facts as herein stated, because of the wrongful discrimination herein complained of, the plaintiff saw death to his business and knew that if the conditions were not changed he would not only lose the nice profit he could and would have made out of his contract, but that he would lose much money in addition thereto, he caused a letter to be written to both J. A. Glenn, superintendent at Beaumont and to J. S. Hershey at Galveston, and afterwards, on March 19th, he caused a letter

to be written to each of the said two parties, and again on May 12th he caused a letter to be written to each of the same two parties, and that aforetime, towit, on December 26th he caused a letter to be written to defendant's agent at Cleveland, Texas, and a letter to same purport on the same day to J. S. Hershey at Galveston, Texas. That J. S. Hershey was at the time general freight agent of defendant at Galveston, and J. A. Glenn was at the time superintendent of defendant at Beaumont.

"That in all and each of said letters plaintiff called defendant's attention to his losses by virtue of his failure to get cars, and called their attention to all the damaging results from failure to get cars, and pleaded for three cars per day, and called attention to danger of damage from worms, and called defendant's attention to the loss plaintiff was sustaining by virtue of having to keep men and teams at all times in readiness for the loading of cars, all of which original letters are in possession of defendant, and notice is now served upon defendant to produce the same on the trial of this cause or secondary evidence of their contents will be offered by the plaintiff.

"That in addition to all the letters that are hereinbefore mentioned and all the efforts of the plaintiff to get cars, he did, on the 20th day of May, 1907, make a written statutory demand for cars of the agent of defendant at Cleveland, Texas, the nearest station of defendant where an agent and telegraph station is located next to the station of Lamb, the point of shipment, which written demand was in substance as follows:

" 'Cleveland, Texas, ........, 1907.

" 'Mr. R. O. Walker, agent of the G. C. & S. F. Ry. Co.

" 'Please give us three cars to be loaded immediately with logs at the station of Lamb on the G. C. & S. F. Ry. to be transported to Houston, Texas. We here now tender to you $22.50 to cover one-fourth the freight charges from Lamb to Houston, and to be applied to the payment of freight on the logs to be loaded upon said cars. We waive the change where this tender exceeds one-fourth of the freight charges, required by law to be paid with· this demand for cars. Flat or coal cars are the kind wanted.

" 'Smith & Waugh.'

"That on the same day a demand for cars was made in the same language for three cars to be loaded on May 23; that on the 29th a demand for three cars was made to be loaded on June 1st, and for three to be loaded on June 3rd, the language of said demand being the same substantially as the first quoted; that on May 2nd and 22nd two demands were made in writing for three cars each, making 12 cars, in language substantially the same as hereinbefore quoted.· That on May .... and before the 25th, plaintiff made a demand in writing, on one of the blanks furnished by defendant for that purpose, for 14 cars 'Two for Saturday 25th and two per day until all logs were loaded.' That on June 3rd plaintiff demanded 3 cars to be loaded on June 6th; that on June 7th plaintiff demanded 3 cars to be loaded on June 11th, and 3

cars to be loaded on the 12th. That on June 10th plaintiff demanded 3 cars to be loaded on the 14th and 3 cars to be loaded on June 15th, all in language in substance as the demand first herein quoted. That on June 24th plaintiff demanded 8 cars to be loaded at Lamb, and on July 2nd, 4 cars, the last two demands being upon blanks furnished by defendant company for that purpose. That all of said demands herein pleaded were in writing and plaintiff here now charges defendant with the originals thereof and here now gives notice to produce them upon the trial of this cause or secondary evidence will be offered by the plaintiff to prove their contents.

"Plaintiff says that he did all in his power to secure transportation for his said logs, and to every petition and to every demand the defendant paid no heed and forced the plaintiff to suffer the loss as herein complained of.

"Plaintiff says that he relied upon the defendant to furnish transportation for his timber as in law it was required to do, and that thereby plaintiff was forced to keep and maintain at his expense men and teams prepared and in readiness to load out the logs and to carry out his contract of shipment. And that had the defendant not discriminated as it did, that he would have loaded out said logs in the time as hereinbefore stated."

Then follows a list of the cars furnished plaintiff and the dates on which they were furnished.

It is then alleged, in substance, that plaintiff was at an expense of $35 per day for men and teams employed for the purpose of loading said cars and which he was compelled to keep unemployed in anticipation of receiving cars for loading, and that the extra expense so incurred by plaintiff amounted to the sum of $3990. It is further alleged that because of defendant's failure and refusal to furnish transportation for plaintiff's logs a number of them became worm-eaten and were therefore a total loss, the amount of such loss to plaintiff being $219.69.

"Plaintiff says that the defendant company was made fully aware of all the terms, conditions and requirements of his obligations to load out and ship his said logs, and that all of the loss and damage hereinbefore complained of was the direct, immediate and proximate result of defendant company's unlawful discrimination as hereinbefore alleged, and that the same was in the contemplation of defendant company at and during all of the time of its said discrimination. That defendant was fully advised of the loss to plaintiff of $35 per day for the time that he was held in waiting for transportation of his said logs, and was advised that the plaintiff would look to and hold it liable for the loss and damages occasioned by its failure to furnish necessary transportation in a reasonable time.

"Plaintiff says that the wrongful acts of defendant company were deliberately done, meaning and intending to do this plaintiff great harm and damage as is hereinbefore shown. That the acts and doings of the defendant company herein complained of were maliciously done, and

by said acts defendant was guilty of gross negligence towards this plaintiff and has already greatly oppressed and injured plaintiff as hereinbefore shown, and for which plaintiff says that the defendant company is liable to him in exemplary damages in the further sum of $2500, for which he also sues."

The prayer of the petition is for recovery of the damages before stated and for general relief.

To this petition defendant demurred generally, and also presented the following special exceptions:

"Further specially excepting, the defendant says that the plaintiff's petition is insufficient in law, because it seeks to recover upon allegations setting up that the defendant company used its cars for the maintenance of its railway line and for hauling material to be used for said defendant company; and of this it prays the judgment of the court, and the facts alleged in plaintiff's petition do not constitute a discrimination under the law.

"For special exception to plaintiff's petition, this defendant says that the same is insufficient in law, because it does not set forth any legal notice was given to the defendant company requiring it to furnish cars, and of this it prays the judgment of the court.

"Further specially excepting to plaintiff's petition, defendant says that the allegation in the same that on .............., 1907, the plaintiff notified the defendant to furnish three cars immediately is insufficient in law, because it does not set forth the time when said notice was given and because this defendant could not be required, under the statute, to immediately furnish cars to be loaded.

"Further specially excepting to said petition, this defendant says that the same is insufficient in law, because the notices therein set forth do not specifically give the dates of the alleged written notices to furnish cars, and because said notices do not show that this defendant had been given three days notice in advance of the time when said cars were required to be furnished.

"The defendant further excepts to the allegation of the plaintiff's petition which undertakes to recover exemplary damages, as being insufficient in law, and of this it prays judgment of the court."

The judgment of the court upon these exceptions is as follows:

"William Waugh,

        vs.                No. 4328

"Gulf, Colorado & Santa Fe Railway Co.

                             "August 9, A. D. 1909.

"On this day this cause came on for trial, and the plaintiff being present in person and by counsel, and the defendant by counsel, the matters of law were submitted to the court, and having heard the pleadings, argument of counsel, and being fully advised, the court is of the opinion that the law is with the defendant as to each and all of his special exceptions and they are each and every one sustained, whereupon

the plaintiff excepted to the ruling of the court and was granted leave to file his trial amendment, which was accordingly done; when the court, after a more deliberate consideration, is of the opinion that the law is with the defendant on his general demurrer and sustained the same; and the plaintiff declining to amend, his cause was by the court dismissed, to which rulings and judgments of the court the plaintiff did in open court except and gave notice of appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas."

The trial amendment filed by plaintiffs need not be set out. It made no material changes in the allegations of the amended original petition. We shall not discuss the several assignments of error in detail, but will treat the questions presented in a general way.

While the petition is inartistically drawn, it does state facts which if proven would entitle plaintiff to recover damages of defendant. This is admitted by the appellee, but it is contended that the only damages properly pleaded is the $219, the alleged value of the timber lost by appellant by reason of the failure of appellee to furnish transportation therefor, and this amount being below the jurisdiction of the court the general demurrer was properly sustained.

We can not agree with appellee in this contention. The petition explicity stated that appellee had full notice of all the facts which rendered it necessary for appellant to incur the expense of keeping the men and teams in readiness to load the cars when furnished, and if appellee wrongfully or negligently delayed to furnish the cars it would be liable for the additional expenses thereby occasioned appellant of which it had notice. The amount ·claimed by appellant for expenses thus incurred being sufficient in amount to give the District Court jurisdiction, it follows that the court erred in sustaining the general demurrer.

We do not think the petition was subject to the objection urged against it by the appellee's first special exception. It does not appear either expressly or inferentially from the petition that the 117 cars alleged to have been taken from use in the general traffic of the road and directed to be used exclusively in transporting ties and piling, were so used by appellee in the maintenance of its railway line, but on the contrary the allegations of the petition, taken as a whole, show that said cars were set apart to the use of shippers generally of piling and ties, while those engaged in shipping logs suitable for other purposes were unable to secure reasonably prompt transportation therefor.

If one class of shippers is given advantage over another in the transportation of freight by the carrier, such carrier is liable to the shipper so discriminated against for the damages sustained by him. Section 1, art. 4574, and art. 4575, Sayles' Civil Statutes.

The fact that appellant does not seek to recover the statutory penalty does not prevent his recovery of the damages sustained by him.

The allegations that the acts of omission and of commission charged against appellee were done maliciously and with the intention of injuring appellant, were sufficient to support a recovery of exemplary damages.

The notices to furnish cars set out in the petition were not sufficient under the statute to entitle appellant to recover the statutory penalty for the failure of appellee to furnish the cars, but appellant does not seek to recover such penalty and such notices were pleaded on the general issue of notice to appellee 'of the damages suffered by appellant by reason of the delay in the transportation of his logs.

This disposes of the several questions presented by the record.

From what has been said it follows that the judgment of the court below must be reversed and the 'cause remanded and it has been so ordered.

*Reversed and remanded.*