C. B. BELL v. NORFOLK SOUTHERN RAILROAD COMPANY
ET AL.

(Filed 24 September, 1913.)

**1. Court's Jurisdiction—Federal Courts—Judgments.**
     The defendant in this case is held liable for the torts committed when the property purchased by it was in the receiver's hands, and the judgment rendered in the Federal court confirm-

ing the purchase, etc., did not have the effect of, and was not intended to oust the jurisdiction of the State's courts, under the decision of *Lassiter's case, ante,* 19.

2. Carriers of Goods—Duty to Transport—Common-law Liability— Verbal Demand for Cars—Interpretation of Statutes.

It is the common-law duty of a common carrier to transport freight tendered it within a reasonable time, to which the statute, section 2634a, Revisal, adds the duty that the carrier furnish cars for car-load shipments upon request of the shipper in writing, and provides a penalty for its failure to furnish the cars, etc. Hence, where the recovery of the penalty is not sought, but the action is to recover damages for the carrier's failure to receive and ship the goods, a written demand for the cars is not required, and a verbal one is sufficient.

3. Carriers of Goods—Tender for Transportation—Shipment Refused.

The law does not require a vain or foolish thing; and where a railroad company has refused to transport a part of a large shipment, requiring a number of cars, it may not relieve itself from liability on the ground that the whole shipment was not placed on its yards for that purpose, when the part delivered to it occupied all the available space which could have reasonably been used, thus requiring the carrier to transport it before further delivery to it could reasonably have been made.

APPEAL by defendant from *Long, J.,* at Spring Term, 1913, of CURRITUCK.

This action was brought originally against the receivers of the Norfolk Southern Railway, and when the receivership was terminated, the Norfolk Southern Railroad Company was made a party defendant. The properties of the Norfolk Southern Railway were sold by the receivers, under an order of the Circuit Court of the United States, and the Norfolk Southern Railroad Company became the purchaser.

The decree confirming the sale contains, among others, the following provisions:

"The purchaser or purchasers shall, as a part of the consideration of such sale, and in addition to the purchase price bid, take the property purchased (1) upon the express condition that the purchaser or purchasers, his or their successors or assigns,

will pay for and classify all claims and demands heretofore filed, under the order of reference heretofore entered herein on 23 October, 1908; etc.; (2) subject to all pending contracts in respect to the property herein described, lawfully made by the receivers, which said contracts shall be assumed and performed by the purchaser or purchasers, his or their heirs and assigns; (3) and upon the express condition that such purchaser or purchasers, his or their successors and assigns, shall pay, satisfy, and discharge any indebtedness and obligations or liabilities which shall have been contracted or incurred by the receivers in respect thereto before the delivery of possession of the property sold."

"It is further ordered, adjudged, and decreed that this court reserve the exclusive jurisdiction of this cause for the purpose of enforcing and executing the provisions of said decree of foreclosure and sale entered 14 October, 1909, and for the purpose at all times of protecting said grantee, or grantees, their successors or assigns, in the enjoyment of the property, assets, and franchises purchased under the aforesaid decree of foreclosure and sale, and to determine any and all controversies as to the character, extent, and validity of the possession of said grantee, or grantees, their successors or assigns, acquired through the execution of said decree and hereunder; and for the purpose of enforcing all the obligations and liabilities assumed by said grantee, or grantees, their successors or assigns, under and by virtue of the aforesaid decree of foreclosure and sale or any subsequent decree, including this decree."

The evidence on behalf of the plaintiff tends to show that plaintiff was the owner of a lot of piling, and about 1 August, 1909, placed a portion of same upon the right of way of defendant at its regular station, at Shawboro, N. C., and applied to the agent of the defendant company for two cars on which to ship the piling; that the cars were put on the siding the next day, and plaintiff commenced on 5 August to load the cars; that defendant's agent objected to the manner in which plaintiff's servants were loading the cars, and proceeded to instruct them how to load, and that thereafter the plaintiff's servants followed strictly

the instructions of the defendant's agent; that the defendant carried the two flat cars out on the switch, but never moved them from the depot, and refused to issue a bill of lading for the cars; that after this refusal plaintiff verbally applied for cars on which to load other piling which he had placed on the right of way, and on the depot grounds, and in the lane leading to the depot. That some of the piling was not moved out of the woods, some distance away, because plaintiff had placed on the station grounds and in the station lane as much of the piling as he could. That plaintiff notified the defendant's agent that he had contracted to deliver all this piling—that on the cars, that on and near the right of way, and that in the woods—to a party in Portsmouth, Va., in ten days, and that plaintiff would lose his sale and suffer great loss if cars were not furnished. That defendant refused to furnish any more cars, and that all the piling was damaged or destroyed, and the plaintiff lost the sale of the same.

That evidence on the part of the defendant tends to show that the cars were loaded by the plaintiff in an improper manner, and could not be moved without great danger to life and property; that plaintiff's attention was called to the fact that the cars were not loaded in the manner required by the rules of the company, and that plaintiff made no demand in writing for cars, but his demands were all verbal.

The plaintiff asked for actual damages, and for penalties to the amount of several hundred dollars for failure to furnish the cars, but the claim for penalties was abandoned by the plaintiff, and only the action for damages was tried.

There was a verdict and judgment for plaintiff, and both defendants appealed.

*Ward & Grimes and Ernest Sawyer for plaintiff.*
*W. M. Bond for defendant.*

Brown, J., after stating the case: The defendants assign thirteen errors, but these present only three questions:

1. Is the defendant the Norfolk Southern Railroad Company liable for the tort of the receivers?

2. Was it the duty of the defendants to furnish the cars on a verbal demand?

3. Are the defendants liable for not furnishing cars for the shipment of the piling not actually placed on defendant's right of way?

We are of opinion that each of these questions must be answered in the affirmative.

The first question is disposed of by our decision in *Lassiter v. R. R., ante,* 19. In addition to what is so well said by the *Chief Justice* in *Lassiter's case,* we think a fair interpretation of the decree of the Circuit Court of the United States is that the court did not intend to in any way interfere with the rights of parties guaranteed to them by the act of Congress.

We deduce from the pleadings, the course of the trial, and the brief of the defendant, that it does not contend that it is not liable if the receivers are liable, but that the said court is without jurisdiction to determine the liability of the receivers. We cannot for a moment assume that the Circuit Court of the United States intended to enter a decree so plainly violative of a Federal statute.

Second: The defendants invoked section 3634a of the Revisal to sustain their contention that plaintiff cannot recover damages for failure to receive and ship the piling, unless there was a written demand for the cars. But this section applies only to actions to recover penalties, and was not intended to in any way relieve the railroad of its common-law duty to transport freight tendered it within a reasonable time.

In speaking to this question in *Meredith v. R. R.,* 137 N. C., 480, *Mr. Justice Connor* says: "It is to be noted that the basis of this action is the alleged breach of the duty imposed by the common law upon carriers to safely carry, and, within a reasonable time, deliver goods tendered them for that purpose. For failure to perform this duty the person injured has a cause of action, in which he may recover such damages as he sustained within the reasonable contemplation of the parties to the contract. To this common-law duty the Legislature added a statutory duty, fixing, for that purpose, a definite time within which

such duty should be performed, giving to the person injured an action for a fixed penalty." The act does not supersede or alter the duty of the company at common law. The penalty in the case provided for is superadded. The act merely enforces an admitted duty. *Branch v. R. R.,* 77 N. C., 347.

Third: It is elementary that the law does not require a man to do a vain thing. The plaintiff loaded two cars, which the defendants refused to move. He filled the depot yard and the station lane with piling and demanded cars upon which to load it, and the defendants refused to furnish them. He notified the defendants that he had more piling in the woods near-by ready to place for loading, and the defendants still refused to move that which had been loaded or to furnish cars for that which had been placed. Under these circumstances it would have been the acme of folly for plaintiff to have hauled the other piling and scattered it along the highway.

A case directly in point is *Houston and E. W. T. R. R. Co. v. Campbell,* 91 Texas, 552; 43 L. R. A., 225. In that case the Court says: "And it is insisted that the plaintiff did not even have the wood prepared for shipment in this case, and that, therefore, he cannot recover. There was but a small part of the wood ready for shipment at the time the cars were demanded which the defendant failed to furnish. But was the plaintiff bound to provide the wood with which to fulfill his contract with Kaller, and to offer it at the depot for transportation after the agents of defendant had refused to furnish cars for that purpose? We think not. A similar question arose in the case of *Texas P. R. Co. v. Nicholson,* 61 Texas, 491, and it was there held that a tender of the property was unnecessary where the proposed shipper had been informed in advance that it was not required and could not be accepted. That was a case of a breach of contract to ship at a certain time; but the principle is the same. The rule announced is a general one, and applies to all offers and tenders. When the defendant knew that the transportation would not be furnished, he was not bound, in order to recover for the wrong done him, to prepare and offer the wood. As argued by his counsel, it was his duty to pursue that course best calculated to lessen the damage resulting from the wrong."

In *Waugh v. Gulf C. and E. F. Railway Co.*, 131 S. W., 843, the plaintiff demanded cars for the shipment of logs. The railroad failed to furnish the cars, and was held liable for special damages incurred by plaintiff in keeping teams ready to haul and load the logs, and also for damages to logs that were worm-eaten. It appears from the facts in the above case that a part of the logs had not been hauled at all; but plaintiff had demanded cars and the company had promised to furnish them.

In *Etheridge v. Central of Georgia R. R.*, 136 Ga., 677, 25 Anno. Cases, 138, the Court says: "It was not necessary that the plaintiff should haul and deposit on the right of way the wood he had cut in order for him to have a right of action because of the company's refusal to receive it. The plaintiff alleged that he had hauled and deposited on the right of way of the defendant company a part of the wood he had cut and corded for the purpose of having it shipped by the defendant company. It would have been an useless expense to have deposited the rest of the wood on the right of way if the company would not receive it there."

This case is on all-fours with the facts in the case at bar, and is a convincing authority.

Upon consideration of the whole case, we are of opinion that the judgment of the Superior Court should be affirmed, and it is so ordered.

Affirmed.